UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PEREZ DISHARA WATTS,

                Plaintiff,

    v.                                                        **DECISION AND ORDER**
                                                                      10-CV-440S

OFFICER FLECK of the NFDP, et al.,

                Defendants.

1.     Plaintiff Watts, proceeding *pro se*, brings this action seeking punitive damages in the amount of $100,000 for what he claims was the unlawful seizure of currency by defendant law enforcement officers when he was arrested in September 2008. Defendants have moved to dismiss the Complaint in its entirety for failure to state a claim. (Docket No. 11.) Watts responded to the motion to dismiss, and later moved for the appointment of counsel (Docket No. 17.) For the reasons stated below, Defendants' motion is granted and Plaintiff's motion is denied as moot.

2.     Watts was arrested on a domestic violence complaint in September 2008. At the time of his arrest, Watts was carrying $5,707.00 on his person, which a Niagara Falls officer removed during the booking process. Watts claims the funds were taken in an illegal search and seizure, and that the Narcotics Division of the Niagara Falls Police Department then confiscated his personal funds "with no legal reason" and failed to return the money to him.

3.     In support of his allegations, Watts appended two letters to his Complaint. By letter dated November 20, 2009, Watts requested that the Asset Forfeiture Section of the United

States Drug Enforcement Administration ("DEA") return the $5,700 taken from him on September 22, 2008. Thus, his letter confirms that the funds he seeks were the subject of a federal civil forfeiture, and were not "confiscated" by the Niagara Falls Police Department. Watts then sought recovery of the funds from the DEA on the ground that the "forfeiture was constitutionally excessive and grossly disproportional to the offense." (Docket No. 1 at 10.)

4.	The DEA responded by noting that Watts had signed for a notice of seizure letter, the time in which to contest the seizure had expired more than a year prior to his inquiry, and the time to petition for remission or mitigation of forfeiture also had expired. (*Id*. at 11.) Accordingly, the DEA considered the matter closed.

5.	Nevertheless, Watts lays the blame for his loss on the defendant Niagara Falls officers based on their first taking possession of his funds during an allegedly illegal search. Defendants contend that Watts fails to state a claim because his money was seized by the DEA, not by them.[1]

6.	In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See* Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative

---

[1] In support of their Rule 12(b)(6) motion, Defendants filed a fact affidavit with appended documents. Where matters outside the pleadings are presented on a motion under Rule 12(b)(6), the Court must either exclude that material or treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Resolution of this motion does not require consideration of Defendants' fact submissions, and the materials are excluded. This Court also notes that Defendants' motion violates Rule 7(a)(2)(A) of the Local Rules of Civil Procedure, which requires that every Rule 12 motion be supported by a memorandum of law.

level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

7.      The Supreme Court recently clarified the appropriate pleading standard in Ashcroft v. Iqbal, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The decision instructs district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57 (internal citations omitted)).

8.      Although courts normally are required to determine the sufficiency of the claims on the complaint alone, "documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citation omitted).

9.      Here, Watts has not set forth any facts that would allow this Court to reasonably

infer that the frisk incident to his arrest was unlawful. Indeed, in his response to the motion to dismiss, Watts states "I agree that my arrest and the frisk was conducted lawfully." (Docket No. 15.)

10. Watts also goes on to acknowledge that "the DEA [not the NFPD] seized the funds." Although he questions why the DEA would have been involved in his arrest by a city police department for domestic violence, his concerns about the actions of federal agents are not sufficient to infer that any Niagara Falls police officer illegally seized his funds.

11. For the reasons stated, Watts has failed to state a claim for relief against any named Defendant. While such dismissal ordinarily would be without prejudice, Plaintiff's concessions and submissions render amendment as to these Defendants futile. Accordingly, the Complaint is dismissed with prejudice. In light of the dismissal, Watts' motion for appointment of counsel is denied as moot.

IT HEREBY IS ORDERED that Defendants' Motion to Dismiss (Docket No. 11) is GRANTED.

FURTHER that Plaintiff's Motion for Appointment of Counsel (Docket No. 17) is DENIED.

FURTHER that the Clerk of Court shall take the necessary steps to close this case.

SO ORDERED.

Dated:   April 20, 2012
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

4